IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               CIVIL ACTION NO. 2:10-cv-00992

REAL PROPERTIES SITUATED AT 105 GRAFF LANE,
QUARRY CREEK, CHARLESTON, KANAWHA COUNTY,
WEST VIRGINIA, et al.

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the United States' Motion for Interlocutory Public Sale Regarding a 2007 Mercedes Benz [Docket 39]. The motion is supported by exhibits. Shida Jamie, an interested party, responded in opposition (Docket 40), and the United States filed a reply (Docket 41). For the reasons that follow, the motion is **DENIED**.

*I. FACTUAL BACKGROUND*

The pertinent facts, in summary form, are as follows. On August 6, 2010, the FBI executed a warrant and seized a 2007 Mercedes Benz belonging to Shida Jamie. The warrant was issued on a probable cause finding that the vehicle constituted or was traceable to the proceeds of health care fraud offenses committed by Jamie. The United States amended its complaint in the current judicial forfeiture action to include the Mercedes Benz on January 25, 2011. (Docket 21.) Pursuant to 18 U.S.C. § 981(g), on February 25, 2011, the United States and Shida Jamie jointly moved the Court to stay this civil forfeiture action pending resolution of a related criminal investigation and

prosecution. (Docket 34.) The Court granted the motion to stay on March 3, 2011, and the case has been inactive since that time. The United States Marshals Service took custody of the Mercedes Benz on March 10, 2011, and the vehicle currently remains in the custody of the Marshals Service.

In its current motion, the United States directs the Court to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and seeks an interlocutory sale of the Mercedes Benz. The United States argues that the Marshals Service has already incurred approximately $1,100 in storage fees, and additional fees will be incurred during the pendency of the criminal investigation and prosecution (and corresponding stay in this case). The United States further cites depreciation in the vehicle's value as warranting interlocutory sale. Shida Jamie responds with several arguments: (1) interlocutory sale would be contrary to the stay agreed to by the parties and the Court; (2) a forced sale will result in a greater loss to the vehicle's net value than would storage costs pending resolution of the criminal investigation and prosecution; and (3) depreciation is not a valid reason for interlocutory sale under Supplemental Rule G(7). The United States retorts that Supplemental Rule G(7) affords the Court wide discretion to order an interlocutory sale, and the Court is not confined to ordering the sale of only items "at risk of deterioration, decay, or injury by being detained," as set forth in one prong of Supplemental Rule G(7).

## II. APPLICABLE LAW

A civil forfeiture proceeding under 18 U.S.C. § 981 is an action in rem, "which shall conform as near as may be to proceedings in admiralty." 28 U.S.C. § 2461(b); *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84 (1992). As such, the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions generally apply. *See, e.g.*, *United States v. $199,514.00 in U.S. Currency*, 681 F. Supp. 1109, 1110 (E.D.N.C. 1988) (drug forfeiture statute).

The Federal Rules of Criminal Procedure provide that "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). Supplemental Rule G(7) states, in pertinent part:

> On motion by a party or a person having custody of the property, the court *may* order all or part of the property sold if . . . (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; *or* (D) the court finds other good cause.

Rule G(7) affords the district court a wide degree of latitude in making the decision of whether or not to order interlocutory sale. *See United States v. Approx. 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir. 2009) (district court's discretion under Supplemental Rule G(7) is "considerable").

### III.  DISCUSSION

In the motion, the United States seeks judicial authorization to sell the vehicle at issue for as little as 75% of its appraised value. Accepting the proffered value of $38,300 as true, the United States seeks to forego as much as $9,500 in order to affect an interlocutory sale and avoid $150-per-month storage fees. The United States also argues that the vehicle's market value will decrease over time, but it offers no firm numbers on estimated depreciation over time. The United States also fails to estimate the time necessary to complete the criminal prosecution in this case, and thereby lift the stay in this forfeiture action. Without depreciation figures and an estimate of time, the Court is left to speculate as to the wisdom of ordering an interlocutory sale at this point in time. The only certainty apparent from the briefing is that the vehicle may be sold for a loss of up to $9,500, a figure that would cover storage fees at the proffered rate for an excess of five years.

Although Supplemental Rule G(7) provides the Court with discretion to order interlocutory sale on a finding of "other good cause," it is worth noting that the Rule does not cite depreciation as a basis for interlocutory sale. Rule G(7)(A) mentions "deterioration, decay, or injury," but it does not cite depreciation as a valid basis for interlocutory sale. Even if depreciation was expressly mentioned by the Rule, the United States has offered no more than speculation that "the vehicle will continue to depreciate in value." (Docket 39 at 6.) While that assertion is undoubtedly true, there is no indication of to what degree the vehicle will depreciate. Furthermore, this case is stayed pursuant to the agreement of the parties, and that stay counsels against interlocutory sale.

## IV.  CONCLUSION

For the foregoing reasons, the United States' Motion for Interlocutory Public Sale Regarding a 2007 Mercedes Benz [Docket 39] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 28, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE